CAMDEN LODGE No 111, LOYAL ORDER OF MOOSE, PETITIONER, v. THE CITY OF CAMDEN, RESPONDENT.

Submitted May 6, 1947—Decided June 10, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the petitioner, *Samuel P. Orlando.*

For the respondent, *John J. Crean.*

The opinion of the court was delivered by

BODINE, J. The petitioner seeks to cancel the 1944 land and building assessment on its property in Camden on the theory that it is exempt under *R. S.* 54:4–3.6, as amended. The property in question is known as 313-315 Cooper Street. The exemption was allowed by the city pursuant to the provisions of *R. S.* 54:4–3.26 for a number of years. After the

decision of the Court of Errors and Appeals in *Rutgers Chapter, &c.,* v. *New Brunswick,* 129 *N. J. L.* 238; *affirmed,* 130 *Id.* 216, declaring the statute unconstitutional, the exemption was disallowed.

*R. S.* 54:4–3.6, providing for exemptions, in so far as pertinent to this case, provides as follows: "The following property shall be exempt from taxation under this chapter * * * all buildings actually and exclusively used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children, or for religious, charitable or hospital purposes, or for one or more such purposes."

The Loyal Order of Moose consists of a national organization known as the Supreme Lodge of the World, Loyal Order of Moose, organized under the laws of the State of Indiana. The Supreme Lodge issues charters to local lodges. The Camden Lodge holds such a charter.

One of the national officers testified: "The organization's principle is that it is founded on the brotherhood of man and the fatherhood of God, and is engaged in paying sick and death benefits to the members of the unit lodges out of the dues collected from the members and distributed under the rules and regulations adopted by the member lodge of so much a week for so many weeks for the illness of a member, and in the event of death the lodge pays funeral benefits in the sum of $100. *Q.* Is that the local lodge that pays them? *A.* That is the local lodge; that feature of the lodge is handled entirely by the lodge, by the member lodge. Of the dues which a member of the member lodge pays into the office of the secretary of that lodge, $4 is allocated to the Supreme Lodge for the purpose of its benevolent, philanthropic, charitable and fraternal benefits, which consist of the operation of a City of Childhood known as Mooseheart, located 35 miles southwest of Chicago in the State of Illinois, consisting of about 1,100 acres developed into a city comparable to the average city or community of our country. These $4 are appropriated and allocated first to the support of Mooseheart and to the support and maintenance of Moosehaven, which is a home for the aged, established in Orange Park, Florida,

fourteen miles south of Jacksonville, and to the Moose service program, which provides for the care, maintenance and support of the members of all lodges, first of the aged who are unable by reason of hospitalization or care to meet the requirements of Moosehaven as a residence. * * * The only source of income of the Supreme Lodge is that portion of the dues paid by each member allocated to the Supreme Lodge to be used for the activities and charities that I have just related. The balance of the money, of the dues—say as an illustration that a lodge requires its members to pay $14 a year; of that amount $4 is allocated to the Supreme Lodge as already explained, $5.33 or an approximate sum. of that amount, sometimes higher, sometimes lower, is set aside for the beneficial fund, and ear-marked for that purpose only; that provides, as I have stated in the beginning, for sick and death benefits. The remaining portion of the $14 which may be $4 or $5, remains in the treasury of the lodge, in their general funds, for the purpose of maintaining the activities of the lodge."

Very little, if any, of the lands and building in Camden are used actually and exclusively for the moral and mental improvement of men, women and children or for religious, charitable or hospital purposes. Most of the building, except an office, is used for the operation of a bar, cocktail lounge, grill and card rooms. Undoubtedly, the use may encourage social intercourse among the members and keep up an interest in a worthy cause for which the parent lodge exists, but since so little of the small dues go for any charitable use, and since the property in question is used for social purposes, it is clear that the lodge is not entitled to an exemption. *Trustees of Bergen County Odd Fellows Association* v. *City of Hackensack,* 118 *N. J. L.* 1; *affirmed,* 118 *Id.* 562; *Washington Camp, &c.,* v. *Board of Equalization of Taxes,* 87 *Id.* 53.

The judgment of the State Department of Taxation and Finance, Division of Tax Appeals, will be affirmed, and the rule will be dismissed, with costs.